IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD WILLIAM ANDREWS, ) | |
| #262 182, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-71-TMH |
| ) | [WO] |
| ROBERT BENTLEY, in his ) | |
| official capacity as ALABAMA ) | |
| GOVERNOR, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's request for preliminary injunctive relief under Rule 65(a), *Federal Rules of Civil Procedure*, on his claim of disparity in sentencing with regard to similar criminal statutes. Plaintiff seeks to enjoin continued enforcement of Ala. Code §§ 13A-6-81 and 13A-6-82 as violative of the Equal Protection Clause of the Fourteenth Amendment. Upon consideration of the request, the court concludes that Plaintiff's motion for a preliminary injunction is due to be denied.

**I.  DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Plaintiff must demonstrate to warrant issuance of a preliminary injunction are:  (1) a substantial likelihood of success on the merits; (2) a substantial threat

of irreparable injury without the injunction; (3) that the harm to the plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Id.*; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

     Here, Plaintiff seeks preliminary injunctive relief with regard to his claim of a denial of equal protection under the Fourteenth Amendment due to disparity in sentencing laws between school employees and non-school employees who commit the same sexual crime against a minor child/student and requests that Ala. Code § 13A-6-81 (school employee engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years)

and Ala. Code § 13A-6-82 (school employee having sexual contact with a student under the age of 19 years) be declared unconstitutional.[1] The court notes, however, that [t]he purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits." *Anderson v. Davila*, 125 F.3d 148, 156 (3rd Cir. 1997). Thus, problematic for Plaintiff in the instant proceeding is the fact that his request for immediate relief in his motion for preliminary injunction seeks resolution of the ultimate issue presented in his complaint. Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either *sua sponte* by this court, upon consideration of Defendants' dispositive motion, or at trial. Therefore, Plaintiff's motion for preliminary injunction is due to be denied. Furthermore, the court notes that it is unclear what Plaintiff's request for preliminary injunctive relief on his equal protection claim would entail which precludes the court from determining what burden a preliminary injunction would have on Defendants and whether issuing one would harm the public interest. Based on the foregoing, the court concludes that Plaintiff's request for a preliminary injunction is due to be denied. *See Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

---

[1] It appears from Plaintiff's complaint that he was convicted and sentenced pursuant to Ala. Code § 13A-6-63(a)(1), sodomy in the first degree.

1.  The Motion for Preliminary Injunction filed by Plaintiff (*Doc. No. 3*) be DENIED; and

2.  This case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before **April 17, 2013** Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar Plaintiff from a *de novo* determination by the District Court of issues covered in the report and shall bar Plaintiff from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 3rd day of April, 2013.

                                          /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE