IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD WILLIAM ANDREWS, | ) | |
| #262 182, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CIVIL ACTION NO. 2:13-CV-71-TMH |
| | ) | [WO] |
| ROBERT BENTLEY, in his | ) | |
| official capacity as ALABAMA | ) | |
| GOVERNOR, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently incarcerated at the Draper Correctional Facility in Elmore, Alabama, files this *pro se* complaint under 42 U.S.C. § 1983.    He challenges the constitutionality of the statute under which he is currently incarcerated.  Specifically, Plaintiff alleges a violation of his right to equal protection due to  disparity in the felony classifications assigned to  Ala. Code § 13A-6-63 (1975) and Ala. Code § 13A-6-81 (1975). Specifically, Plaintiff contends that the two statutes criminalize the same conduct but carry different sentencing penalties depending solely on whether a person is a  school employee or a non-school employee.  Governor Robert Bentley and Attorney General Luther Strange are the named defendants. Plaintiff seeks declaratory and injunctive relief and any other relief the court deems just and proper.  (*Doc. No. 1*.)

After a careful review of the complaint, the court concludes that dismissal of this case

prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

## I.  DISCUSSION

In August 2008 the Circuit Court for Morgan County, Alabama, convicted Plaintiff

of first degree sodomy of a minor under Ala. Code § 13A-6-63(a)(3) (1975).[2]  A conviction

under  § 13A-6-63 is a Class A felony. A school employee convicted of the same conduct

which resulted in Plaintiff's conviction, however, is subject to being sentenced to a Class B

felony under Ala. Code § 13A-6-81.[3]   Plaintiff contends that subjecting non-school

_____

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Pursuant to Ala. Code § 13A-6-63:

(a) A person commits the crime of sodomy in the first degree if:

(1) He engages in deviate sexual intercourse with another person by forcible compulsion; or

(2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being physically helpless or mentally incapacitated; or

(3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.

(b) Sodomy in the first degree is a Class A felony.


[3] Pursuant to Ala. Code § 13A-6-81:

(a) A person commits the crime of a school employee engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years if he or she is a school employee and engages in a sex act or deviant sexual intercourse with a student, regardless of whether the student is male or female. Consent is not a defense to a charge under this section.

employees to a harsher penalty than school employees for engaging in the same criminal

conduct violates his right to equal protection where such amounts to severe and arbitrary

sentencing disparity with no rational basis. (*Doc. No 1*.)

Plaintiff's claim is not cognizable in this proceeding because success on his claim

would necessarily imply the invalidity of his sentence which has not been overturned or

otherwise invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). This is so

regardless of the relief Plaintiff seeks. *See Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005)

("[A] state prisoner's § 1983 action is barred ... no matter the relief sought ... no matter the

target of the prisoner's suit ... if success in that action would necessarily demonstrate the

invalidity of confinement or its duration."); *Edwards v. Balisok,* 520 U.S. 641, 646–48 (1997)

(holding that suit seeking declaratory relief was barred under *Heck* ). Moreover, "[i]t is

irrelevant that [Plaintiff] disclaims any intention of challenging his conviction [or sentence];

if he makes allegations that are inconsistent with the conviction's [or sentence] having been

valid, *Heck* kicks in and bars his civil suit." *See Okoro v. Callaghan,* 324 F.3d 488, 490 (7th

Cir. 2003); *see also Wilkinson,* 544 U.S. at 81 (observing that the principles underlying *Heck*

---

(b) As used in this section, sex act means sexual intercourse with any penetration, however slight; emission is not required.

(c) As used in this section, deviant sexual intercourse means any act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another.

(d) The crime of a school employee engaging in a sex act or deviant sexual intercourse with a student is a Class B felony.

prevent invalidation of a state conviction "indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody").

Plaintiff's claim that the criminal statute under which he was sentenced is unconstitutional as violative of the Equal Protection Clause is  inconsistent with the validity of his sentence and a judgment in his favor  in this cause of action would necessarily imply the invalidity of the sentence under which he is currently confined.  Federal courts have recognized that *Heck* bars a prisoner's challenge to the constitutionality of statutes under which he was convicted and/or sentenced unless the conviction and/or sentence has been overturned or otherwise invalidated. *See, e.g., Lawrence v. McCall,* 238 F. App'x 393, 396 (10th Cir. 2007) ("By finding the sentencing procedures used by Oklahoma here unconstitutional, we would invalidate the plaintiffs' prior sentences. *Heck* does not allow us to so act."); *Goodnow v. County of Roscommon,* 2010 WL 234715 at *1 (W.D. Mich. 2010) (holding that *Heck* barred state prisoner's declaratory judgment action "challenging the statute on which his [criminal sexual conduct] conviction is based"); *Cordova v. City of Reno,* 920 F. Supp. 135, 137 (D. Nev.1996) (same as to a plaintiff's "claims that he was convicted of violating a fatally unconstitutional city ordinance").

Because it is clear from the complaint that the sentence about which Plaintiff complains has not been invalidated in an appropriate proceeding, the instant collateral attack on his conviction and/or sentence is prohibited as habeas corpus is the exclusive remedy for an inmate who challenges the validity of the fact or duration of his confinement.  *Balisok,*

520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

Such attack is, therefore, subject to summary dismissal by this court in accordance with the

provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's challenges to the constitutionality of his conviction and/or sentence be

DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii)

as such claims are not properly before the court at this time;

2.   Defendants' Motion to Dismiss (*Doc. No. 6*) be GRANTED; and

3.  This case  be DISMISSED prior to service of process pursuant to the provisions

of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before **April 17, 2013** the parties may file an objection to the

Recommendation.  Any  objection  must  specifically  identify  the  findings  in  the

Recommendation to which a party objects.  Frivolous, conclusive or general objections will

not be considered by the District Court.  The parties are advised that this Recommendation

is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation

shall bar Plaintiff from a *de novo* determination by the District Court of issues covered in the

report and shall bar Plaintiff from attacking on appeal factual findings in the report accepted

or adopted by the District Court except upon grounds of plain error or manifest injustice.

*Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*,

667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.

1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit

issued prior to September 30, 1981.

Done this 3rd day of April, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE